**SIERRA CLUB, Plaintiff–Appellee,**

**v.**

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Defendant–Appellant.**

**No. 08–15264.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2009.

Filed June 15, 2009.

George E. Hays, Esquire, San Francisco, CA, Reed Zars, Laramie, WY, for Plaintiff–Appellee.

Katherine J. Barton, Allen M. Brabender, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Defendant–Appellant.

Before: HUG, B. FLETCHER, and HAWKINS, Circuit Judges.

MEMORANDUM *

The Environmental Protection Agency ("EPA") appeals the calculation of attorney fees awarded to the Sierra Club pursuant to 42 U.S.C. § 7604(d) on account of its successful attempt to ensure the EPA complied with the Clean Air Act, 42 U.S.C. § 7411(b)(1)(B). The EPA argues that the district court abused its discretion by employing San Francisco's hourly rate when calculating reasonable attorney fees pursuant to the Ninth Circuit's "forum rule." *Gates v. Deukmejian,* 987 F.2d 1392, 1405 (9th Cir.1993). According to the EPA, the district court should have instead applied an exception to the forum rule because the bulk of one attorney's work was performed outside the forum, in a legal market the EPA claims was "far less expensive."

Under fee shifting statutes such as the Clean Air Act, attorneys representing the prevailing party are to be compensated according to a "reasonable hourly rate" as typically "calculated according to the prevailing market rates in the relevant legal community," *Blum v. Stenson,* 465 U.S. 886, 888, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), although the rate may be modified according to other relevant factors not reflected by that "lodestar amount," *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

Under Ninth Circuit case law, the "relevant legal community" is the "forum district" in which the district court sits. *Gates,* 987 F.2d at 1405; *see also Barjon v. Dalton,* 132 F.3d 496, 500 (9th Cir.1997). Although two of our sister circuits have adopted an exception to the forum rule for those rare cases in which lawyers "practice in far less expensive legal markets and perform the bulk of their work on the case at home in those markets," *Davis County Solid Waste Mgmt. Distr. v. EPA,* 169 F.3d 755, 759 (D.C.Cir.1999); *see also Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343, 1350 (Fed.Cir.2008), the Ninth Circuit has not adopted this exception.

The forum rule is not a perfectly precise instrument and sometimes does, as predicted at the time of its adoption, "undercompensate certain attorneys and overcompensate others." *Court Awarded Attorney Fees, Report of the Third Circuit Task Force,* 108 F.R.D. 237, 260–61 (1986). Notwithstanding the benefits or burdens this imprecision might occasionally place on attorneys or the government, the forum rule was adopted because the "objectivity and efficiency ... achieved by using

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

uniform rates" was seen as preferable to the previous system, which frequently gave rise to inconsistent and unpredictable results. *Id.* at 261. Given the objectivity and efficiency concerns that motivated the forum rule, exceptions to it should not be adopted lightly.

In this case, the district court did not abuse its discretion by finding that the Plaintiffs introduced sufficient evidence to demonstrate the fees they requested were reasonable in the forum of San Francisco. The EPA, on the other hand, failed to introduce any evidence of reasonable rates for environmental attorneys practicing in Laramie, Wyoming, despite arguing that Laramie's rates should apply to one of the Sierra Club's lawyers who performed the bulk of his work there. This lack of evidence was not remedied by the EPA's citation to two cases approving attorney fee awards, neither of which involved environmental law and both of which concerned legal work conducted in cities other than Laramie, Wyoming.

Therefore, even if the Ninth Circuit were to recognize a *Davis County* exception to the forum rule, which it has not done, the EPA did not introduce adequate evidence to demonstrate that this is one of the "rare" cases involving a "far less expensive legal market[ ]," *Davis County,* 169 F.3d at 759, necessary to invoke the *Davis County* exception. Under these circumstances and absent a more fully developed record, we decline the EPA's invitation to adopt the *Davis County* exception.

**AFFIRMED.**