**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REA MIALIZA O. PAESTE; JEFFREY F. PAESTE; SHARON M. ZAPANTA, GLENN ZAPANTA, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs - Appellees,<br><br>v.<br><br>GOVERNMENT OF GUAM; EDDIE BAZA CALVO, in his official capacity; BENITA MANGLOÑA, in her official capacity; JOHN CAMACHO, in his official capacity,<br><br>        Defendants - Appellants. | Nos. 13-15389, 13-17515, 14-16247<br><br>D.C. No. 1:11-cv-00008<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Guam
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted June 9, 2015
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Guam and several of its officers in their official capacities (collectively, "Guam") appeal from the district court's orders awarding attorney's fees and costs, pursuant to 42 U.S.C. § 1988, to plaintiffs Rea Mializa Paeste, Jeffrey Paeste, Sharon Zapanta, and Glenn Zapanta, on behalf of a class of Guam Taxpayers (collectively, "the Taxpayers").  We affirm.

1.  In an opinion filed concurrently with this disposition, we hold that the Taxpayers had a valid claim under 42 U.S.C. § 1983.

2.  The district court did not abuse its discretion by declining to reduce fees based on the Taxpayers' submission of billing summaries.  A prevailing party "can meet his burden . . . by simply listing his hours and 'identify[ing] the general subject matter of his time expenditures.'"  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (alteration in original) (quoting *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992), *opinion vacated in part on other grounds on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993)).  The Taxpayers' "summary of the time spent on a broad category of tasks . . . compiled from time slips" was sufficient to satisfy "this basic requirement."  *Id.* (internal quotation marks omitted).  Defendants did not request discovery of the actual time logs, and one of the plaintiffs' firms explicitly offered to provide the logs if the district court requested them.  Moreover, the district court did not blindly accept the Taxpayers'

requested fees, as it awarded fees at rates lower than those requested. *Cf. Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).

3. The district court did not abuse its discretion by awarding fees for time expended prior to the filing of the first amended complaint. While the original complaint sought different relief based on somewhat different legal theories, the Taxpayers "are entitled to attorneys' fees for time spent on it because the amended complaint on which they did prevail was closely related to the original complaint and resulted in complete relief." *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1473 (9th Cir. 1983), *disapproved of on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985).

4. The district court did not abuse its discretion by declining to reduce the fee award for the purportedly duplicative work performed by the Taxpayers' two law firms. We afford "considerable deference to [the district court's] findings regarding whether hours claimed by prevailing counsel are redundant." *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995). We discern no abuse of discretion here. "[B]road-based class litigation often requires the participation of multiple attorneys" or firms. *Davis*, 976 F.2d at 1544.

5. The district court did not abuse its discretion by awarding fees for the work performed on an ultimately unresolved motion to compel discovery. The

3

motion "would have been undertaken by a reasonable and prudent lawyer to advance or protect [the] client's interest in the pursuit of a successful recovery." *Nadarajah v. Holder*, 569 F.3d 906, 923 (9th Cir. 2009) (alteration in original) (quoting *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982)) (internal quotation marks omitted).  The Taxpayers should not be penalized because they ultimately prevailed on summary judgment without any need for a ruling on the motion to compel.

6.  Under the circumstances of this case, the district court did not abuse its discretion by awarding fees for time spent communicating with the media. "Prevailing civil rights counsel are entitled to fees for 'press conferences and performance of other lobbying and public relations work' when those efforts are 'directly and intimately related to the successful representation of a client.'" *Gilbrook v. City of Westminster*, 177 F.3d 839, 877 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999) (quoting *Davis*, 976 F.2d at 1545).  The media work in this case was directly and intimately related to the successful representation of the class, both as a means of pursuing a settlement on beneficial terms and as a way of keeping the very numerous class members — a great percentage of all the citizens of Guam — informed regarding the conduct and outcome of the litigation. *See id.*; *Davis*, 976 F.2d at 1545.

4

7. The district court did not abuse its discretion by awarding section 1988 costs for expenses attributable to the Taxpayers' retention of a San Francisco law firm. A section 1988 prevailing party may recover as costs reasonable expenses that would be "normally charged to fee-paying clients." *Woods v. Carey,* 722 F.3d 1177, 1179 n.1 (9th Cir. 2013). The travel, hotel, *pro hac vice* application fees, and related costs taxed in this case were reasonably expended, particularly given the scale and complexity of this class-action suit.

The district court had declined to award out-of-district billing rates, citing a purported lack evidence that local counsel was unavailable to litigate this case. *See Barjon v. Dalton*, 132 F.3d 496, 500-02 (9th Cir. 1997). That decision was not challenged on appeal, so we do not decide whether it was justified or not. Either way, the court did not abuse its discretion by granting costs attributable to the Taxpayers' retention of out-of-district counsel, as different considerations govern the court's awards of billing rates and out-of-pocket costs.

"The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenditures which may be as essential to success as the intellectual skills of the attorneys." *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991), *superseded by statute on other grounds as recognized in Davis*, 976 F.2d at 1556 (internal quotation marks

5

omitted). "If these costs are not taxable, and the client, as is often the case, cannot afford to pay for them, they must be borne by counsel, reducing the fees award correspondingly." *Id*. (internal quotation marks omitted). The district court's costs award preserved the fee award at the hourly rates the district court approved. The costs award was therefore consistent with the goal of section 1988 to "attract competent counsel" to "enforce the covered civil rights statutes" without "produc[ing] windfalls to attorneys." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (internal quotation marks omitted).

8. Guam provided "no authority" but only a "brief discussion with several conclusory assertions" to support its argument that the district court erred in awarding costs for expedited transcripts without a showing of good cause. That argument is waived. *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1092 n.14 (9th Cir. 2014). In any event, we discern no abuse of discretion on this score.

**AFFIRMED.**