**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARIS QUATRO, | No. 17-16210 |
| Plaintiff-Appellee, | D.C. No. 1:16-cv-01213-DWM |
| v. | |
| TEHACHAPI UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Donald W. Molloy, District Judge, Presiding

Submitted November 13, 2018**
San Francisco, California

Before: FISHER and M. SMITH, Circuit Judges, and BUCKLO, District Judge.***

Tehachapi Unified School District appeals the district court's award of

attorney's fees to Charis Quatro, the parent of R.Q., who was the prevailing party

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

***The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

in an administrative due process hearing under the Individuals with Disabilities Education Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.	The district court did not abuse its discretion in allowing Quatro to present the testimony of Gustavo Cortes and Brenda Markham, whose names were not included in Quatro's initial disclosures, and by relying on their testimony as part of Quatro's case-in-chief. Even if Quatro should have disclosed Cortes' and Markham's names earlier under Federal Rule of Civil Procedure 26(a)(1)(A)(i), we can fairly discern from the record that the late disclosure was substantially justified and harmless, and therefore excusable under Federal Rule of Civil Procedure 37(c)(1). *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (holding we may review the record independently to determine if the district court has abused its discretion in applying Rule 37). It was substantially justified because it was triggered by the District's own late disclosure of three declarations two weeks before trial, and it was harmless because each party was able to present its arguments about the fee dispute. Although the District says it was prejudiced, it has not identified any evidence it would have presented had it been afforded earlier notice of the testimony.

2.	The district court did not abuse its discretion in calculating the lodestar using rates from outside the local market. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Quatro presented ample evidence that local counsel was

2

unavailable, including Quatro's own declaration, the testimony of Cortes and Markham, reports describing the limited access to legal representation in rural California and declarations describing the lack of local attorneys who were willing and qualified to represent clients in special education matters. The district court reasonably determined that $450 was a reasonable hourly rate for attorney Andréa Marcus.

**AFFIRMED.**