**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONAL FAMILY FARM COALITION; CENTER FOR FOOD SAFETY; CENTER FOR BIOLOGICAL DIVERSITY; PESTICIDE ACTION NETWORK NORTH AMERICA, *Petitioners*, | No. 19-70115 |
| v. | ORDER |
| U.S. ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN, in his official capacity as Administrator, *Respondents*, | |
| MONSANTO COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; BASF CORPORATION, *Respondents-Intervenors*. | |

On Petition for Review of an Order of the
Environmental Protection Agency

Argued and Submitted December 1, 2021
San Francisco, California

Filed March 17, 2022

Before:  Michael Daly Hawkins, M. Margaret McKeown,
        and William A. Fletcher, Circuit Judges.

Order

## SUMMARY[*]

### Equal Access to Justice Act

The panel denied in part petitioners' request for attorneys' fees under the Equal Access to Justice Act for petitioners' work in connection with a successful petition for review which challenged the Environmental Protection Agency's grant of temporary registrations for new dicamba pesticides under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

The underlying petition sought review of a final decision of an administrative agency that was not an appeal from a decision by a tribunal within the agency.  There was thus no presumptive location within the Ninth Circuit where petitioners' argument should have been calendared.

Petitioners contend that their attorneys' fees should be calculated based on the market rates in San Francisco, where their petition for review was calendared for oral argument. The panel disagreed.  The panel held that where, as here, attorneys' fees are incurred in connection with a petition for review in this court under FIFRA, the presumptive relevant

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

community for calculating market rates is the legal community where counsel are located and where they do the bulk of their work.

The panel concluded that attorneys' fees for petitioners' three lead counsel located in Portland should be calculated based on market rates in Portland. The panel referred petitioners' request to the Appellate Commissioner for further proceedings.

## COUNSEL

George A. Kimbrell (argued), Sylvia Shih-Yau Wu, and Amy van Saun, Center for Food Safety, Portland, Oregon; Stephanie M. Parent, Center for Biological Diversity, Portland, Oregon; for Petitioners.

Miranda M. Jensen (argued), Sarah A. Buckley, and J. Brett Grosko, Attorneys; Todd Kim, Assistant Attorney General; United States Department of Justice, Environment & Natural Resources Division, Washington, D.C.; Scott Garrison and Camille Heyboer, Attorneys; United States Environmental Protection Agency, Washington, D.C.; for Respondents.

## ORDER

National Family Farm Coalition, Center for Food Safety, Center for Biological Diversity, and Pesticide Action Network North America (collectively, "Petitioners") seek attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), for their work in connection with their successful petition for review in this

court.  Petitioners challenged the Environmental Protection Agency's ("EPA") grant of temporary registrations for new dicamba pesticides under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").   FIFRA requires that petitions for review of post-hearing registration decisions be brought in a court of appeals.  *See* 7 U.S.C. § 136n(b).  We granted Petitioners' petition for review and vacated the registrations.  *Nat'l Fam. Farm Coal. v. EPA*, 960 F.3d 1120, 1124–25 (9th Cir. 2020).

Petitioners contend that their requested attorneys' fees should be calculated based on the market rates in San Francisco, where their petition for review was calendared for oral argument.  We disagree.  We hold that where, as here, attorneys' fees are incurred in connection with a petition for review in this court under FIFRA, the presumptive relevant community for calculating market rates is the legal community where counsel are located and where they do the bulk of their work.

## I.  Background

The petition for review in this case challenged EPA's decision to issue temporary registrations under FIFRA for three over-the-top ("OTT") dicamaba herbicides.  "FIFRA provides for [direct] review in the courts of appeals 'as to the validity of any order issued by the Administrator [of the EPA] following a public hearing' by 'any person who will be adversely affected by such order and who had been a party to the proceedings.'"  *Nat'l Fam. Farm*, 960 F.3d at 1131 (quoting 7 U.S.C. § 136n(b)).

In the fall of 2016, after a notice-and-comment period, the EPA granted two-year conditional registrations for three

closely related OTT dicamba herbicides.  *Id.* at 1126, 1132.
Petitioners filed a petition for review of the registrations in
this court.  The panel heard oral argument in Seattle, but the
registrations expired before we could rule on the petition.  We
therefore dismissed the petition as moot.  *Nat'l Fam. Farm
Coal. v. EPA*, 747 F. App'x 646, 647–48 (9th Cir. 2019).

In the fall of 2018, the EPA issued new temporary
conditional registrations to the same three herbicides.  *Nat'l
Fam. Farm*, 960 F.3d at 1130.  The same petitioners,
represented by the same attorneys, filed a new petition for
review raising essentially the same challenges to the new
registrations.  *Id.* at 1124–30.  The same panel heard oral
argument on this second petition on April 21, 2020.  Oral
argument was calendared in San Francisco rather than Seattle.
 However, no one actually appeared in San Francisco for the
argument.  Because of the COVID-19 pandemic, oral
argument was conducted over Zoom, with all of the judges
and attorneys participating from separate remote locations.

We ruled on the second petition for review in June 2020,
holding that the 2018 registrations violated FIFRA.  *Id.* at
1124.  As prevailing parties, Petitioners now apply under
EAJA for $984,542.63 in attorneys' fees, costs, and expenses.

EAJA awards fees based on the "prevailing market rates
for the kind and quality of the services furnished," but
presumptively caps the rate for such fees at $125 per hour.
28 U.S.C. § 2412(d)(2)(A).  EAJA permits the hourly rate to
exceed that cap based on "a special factor, such as the limited
availability of qualified attorneys for the proceedings
involved."  *Id.*  A "special factor" is present if "some
distinctive knowledge or specialized skill" is needed for the
litigation in question, *Pierce v. Underwood*, 487 U.S. 552,

572 (1988), and if such knowledge or skill is not "available elsewhere at the statutory rate," *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). If a special factor is present, counsel may be awarded attorneys' fees at market rates that exceed the statutory rate.

Petitioners seek attorneys' fees at the market rate, and EPA agrees that they are entitled to the market rate. However, Petitioners and EPA disagree about the relevant market in which the rate is to be determined.

Petitioners seek attorneys' fees for all four of their lead counsel at the prevailing market rate in San Francisco, where the case was calendared for oral argument. However, only one of the four is located in San Francisco. The other three are located in Portland. The EPA contends that the relevant market is where the counsel are located.

## II. Discussion

EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially

justified or that special circumstances make
an award unjust.

28 U.S.C. § 2412(d)(1)(A).

As both parties acknowledge, rates awarded under EAJA must be reasonable. That is, they must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (citation omitted). This requires, *inter alia*, that attorney fees be "calculated according to the prevailing market rates in the relevant community." *Id.* at 895.

The choice of calendared location for Petitioners' oral argument was largely arbitrary. In cases dealing with appeals from district court decisions, Ninth Circuit arguments are typically calendared in a location near the district court. *See* 9th Cir. R. Court Structure and Procedures (C)(1). For example, cases coming up from the Northern District of California are typically calendared for argument in San Francisco; cases coming up from the District of Arizona are typically calendared for argument in Pasadena. Our general rule in such cases is that "the relevant community [for calculating market rates] is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

In some of the cases dealing with petitions for direct review of agency action, oral argument is typically scheduled for a location near where the administrative hearing was held. This is our practice for petitions for review of decisions of the Board of Immigration Appeals, which hears appeals from decisions of Immigration Judges. For example, in cases in which the hearing before the Immigration Judge was in Los

Angeles, petitions for review are typically calendared for argument in Pasadena.

However, the case before us fits into neither of these categories. There was no district court decision, and there was no hearing before an administrative judge from which an appeal was taken to EPA. Instead, the petition sought review of a final decision of an administrative agency that was not an appeal from a decision by a tribunal within the agency. There was thus no natural or presumptive location within the Ninth Circuit where Petitioners' argument should have been calendared. This is illustrated by the fact that Petitioners argued to our panel first in Seattle (in person) and then in San Francisco (virtually).

Counsel has pointed us to, and our independent research has revealed, no case law directly on point. In a non-precedential fee order issued after a successful petition for review under FIFRA from an EPA order, comparable to the case now before us, our Appellate Commissioner awarded attorneys' fees to two counsel using San Francisco rates, even though one of the counsel was based in Seattle. *See Pollinator Stewardship Council v. EPA*, No. 13-72346, 2017 WL 3096105, at *5–*7 (9th Cir. June 27, 2017). However, EPA had not objected to using San Francisco rates for both counsel. In the absence of any objection, the Appellate Commissioner assumed that San Francisco rates were appropriate.

We therefore determine as a matter of first impression whether the relevant community in a case where the only attorneys' fees at issue were incurred while arguing a direct petition for review of an agency decision, with no

administrative appeal within the agency, is the location where oral argument is calendared.

We hold that, in a petition for review under FIFRA, the presumptive rate is the market rate in the location where counsel have their office and do the bulk of their work in connection with the appeal. We leave open the possibility that circumstances in future cases may justify deviating from this presumption. Here, however, we have no occasion to consider such circumstances because in the present case no circumstances exist suggesting that rates of a different legal community would be appropriate.

We therefore conclude that attorneys' fees for Petitioners' three lead counsel located in Portland should be calculated based on market rates in Portland. We refer Petitioners' request to our Appellate Commissioner for further proceedings consistent with this Order. After such proceedings, the Appellate Commissioner will recommend to our panel an award in an amount she deems appropriate.

SO ORDERED.